**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4728

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JIAN-YUN DONG, a/k/a John Dong,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, Senior District Judge. (2:11-cr-00510-CWH-1)

Submitted: April 12, 2018                        Decided: April 18, 2018

Before DUNCAN, AGEE, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

John M. Ervin, III, Darlington, South Carolina, for Appellant. Beth Drake, United States Attorney, Columbia, South Carolina, Eric J. Klumb, Nathan S. Williams, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jian-Yun Dong of conspiring to commit an offense against the United States, in violation of 18 U.S.C. § 371 (2012), and making conduit campaign contributions aggregating in excess of $10,000 and aiding and abetting the same, in violation of 18 U.S.C. § 2 (2012), and 52 U.S.C. § 30122 (2012). Dong moved for a judgment of acquittal or for a new trial, arguing, among other points, that a special agent with the Defense Criminal Investigative Service (DCIS) violated the Posse Comitatus Act (PCA), 18 U.S.C. § 1385 (2012), by participating in the criminal investigation. *See* Fed. R. Crim. P. 29(c), 33. The district court denied the motion based on the alleged PCA violation because it was untimely filed and because the PCA does not provide Dong a remedy. The court sentenced Dong to 18 months' imprisonment followed by 2 years' supervised release on both counts, to be run concurrently.

On appeal, counsel argued that the court erred in denying Dong's motion for judgment of acquittal or for a new trial and contends that the court sentenced Dong above the statutory maximum for the conduit campaign contribution conviction. After reviewing the record, we directed the parties to submit supplemental briefs addressing whether the two-year term of supervised release for the conduit campaign contribution conviction exceeds the statutory maximum.

I.

We review a district court's denial of a Rule 29 motion for a judgment of acquittal de novo and the denial of a Rule 33 motion for a new trial for abuse of discretion. *United*

*States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006). Whether the PCA has been violated is a mixed question of law and fact that we review de novo. *See United States v. Lara*, 850 F.3d 686, 690 (4th Cir.), *cert. denied*, 138 S. Ct. 148 (2017); *United States v. Dreyer*, 804 F.3d 1266, 1271 (9th Cir. 2015).

"The purpose of the [PCA] is to uphold the American tradition of restricting military intrusions into civilian affairs, except where Congress has recognized a special need for military assistance in law enforcement." *United States v. Johnson*, 410 F.3d 137, 146-47 (4th Cir. 2005) (brackets and internal quotation marks omitted). Accordingly, the PCA provides:

> Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C. § 1385. "The statute eliminates the direct active use of Federal troops by civil law authorities and prohibits Army and Air Force military personnel from participating in civilian law enforcement activities." *Dreyer*, 804 F.3d at 1272 (brackets, citation, and internal quotation marks omitted).

We first conclude that the court correctly denied Dong's motion as untimely. The rules provide that motions alleging defects in instituting the prosecution "must be raised before trial." Fed. R. Crim. P. 12(b)(3). If a defendant fails to timely assert such a motion, the motion is waived unless he can show good cause. Fed. R. Crim. P. 12(c)(3). Dong's allegation that the DCIS special agent violated the PCA by participating in the criminal investigation is precisely the type of allegation that must be made before trial. *See United*

3

*States v. Wooten*, 377 F.3d 1134, 1140 (10th Cir. 2004) (holding that defendant's "failure to raise the PCA issue until after trial deprives him of that remedy altogether," pursuant to 12(b)(3)); *United States v. Borrego*, 885 F.2d 822, 824 (11th Cir. 1989) (holding that "appellants waived their claims under the [PCA] when they failed to file an appropriate pre-trial motion"). And Dong has failed to show good cause for the delay.

We further conclude that the court correctly determined that there is no remedy available for Dong. By its terms, the remedy for a violation of the PCA is not to dismiss the criminal charges against the offender or reverse his convictions but to hold the transgressor criminally liable. *See United States v. Walden*, 490 F.2d 372, 376 (4th Cir. 1974) (holding that PCA, "where it is applicable, renders the transgressor liable to criminal penalties but does not provide that the criminal is to go free because the constable has blundered" (internal quotation marks omitted)); *cf. Johnson*, 410 F.3d at 149 (explaining that, generally, exclusionary rule is not remedy for PCA violation). In *Walden*, however, we reserved the possibility of remedies for the offender "should repeated cases involving military enforcement of civilian laws demonstrate the need for the special sanction of a judicial deterrent." *Walden*, 490 F.2d at 373; *see also Dreyer*, 804 F.3d at 1279-81 (same). Even if a violation of the PCA occurred, which is not at all clear from the record, this is not an extraordinary case that warrants a judicial deterrent.

## II.

Dong next argues that the court erred in sentencing him above the statutory maximum for the conduit campaign contribution conviction. The Code provides that any

4

person who knowingly and willfully violates a provision of the "Act which involves the making . . . of any contribution . . . aggregating $2,000 or more (but less than $25,000) during a calendar year shall be fined . . . or imprisoned for not more than 1 year, or both." 52 U.S.C. § 30109(d)(1)(A)(ii) (2012). This is the penalty provision Dong asserts should apply to his conviction. The Code, however, also sets out a specific penalty provision for those who make conduit campaign contributions, in violation of § 30122. That is, any person who knowingly and willfully violates "section 30122 . . . involving an amount aggregating more than $10,000 during a calendar year shall be . . . imprisoned for not more than 2 years if the amount is less than $25,000." 52 U.S.C. § 30109(d)(1)(D)(i) (2012). This more specific penalty provision applies here, and Dong's 18-month sentence is therefore below the statutory maximum.

## III.

The Government concedes that the court erred in imposing a two-year term of supervised release for the conduit campaign contribution conviction. We agree. Because the statutory maximum is two years, the offense is a Class E felony and the maximum term of supervised release is one year. *See* 18 U.S.C. §§ 3559(a)(5), 3583(b)(3) (2012).

## IV.

We vacate the portion of the district court's judgment imposing supervised release for the conduit campaign contribution conviction and remand for resentencing as to that supervised release term. We affirm the remainder of the court's judgment and deny Dong's motions for leave to file a pro se supplemental brief. We dispense with oral argument

5

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*